ANTY
*v.*
ADLE.

---

BOYER, Under Tutor, *v.* MATHILDE TASSIN and HUSBAND.

A mother who contracts another marriage without causing a family meeting to be convoked previous to its celebration, to deliberate upon continuing her in the tutorship of children by a former marriage, may be deprived of the tutorship.

An oath is required to be taken by every tutor of minors. C. C. 328.

A grandfather applied for the tutorship of his grandchildren, on the grounds that their mother had contracted a second marriage, without having convoked a family meeting to deliberate on continuing her in the tutorship, and because she had not taken the oath required by law. The wife insisted that she was not bound to the observance of these rules, because she was a white woman and her first marriage had been to a colored man. *Held:* That the marriage for this cause could only have been impeached under Art. 115, C. C., by direct action; that having failed to impeach it during *marriage*, it was too late for her to institute such an action, and that she could not be allowed to plead it as a defence to the proceedings for tutorship. *On a rehearing—Held:* That the court could not appoint the grandfather to the tutorship, the mother being alive, without the recommendation of a family meeting.

C. C. 115, 281, 328.

APPEAL from the District Court of the parish of Avoyelles, *Cushman*, J. *Waddill*, for plaintiff:

1. At the death of the husband, it is necessary for the widow to take an oath as tutrix previous to her being vested with legal authority to represent their minor children. C. C. 328. C. P. 950. 12 R. 637. 11 R. 504.

2. The mother is *ipso facto* deprived of the natural tutrixship of her minor children if she enters into a second marriage without first calling a family meeting to retain her in the trust. C. C. 272. 10 L. 459. 9 R. 138.

3. The grandfather, as the nearest ascendant, the father being dead and the mother having forfeited the tutorship, has a right to the tutorship without the recommendation of a family meeting. C. C. 281. 6 N. S. 455.

4. When the minor is without a tutor, it is the duty of the under tutor to have one appointed. C. C. 303. 2 A. 242.

*H. & S. L. Taylor*, for defendant and appellant:

1. The depositions marked D should have been ruled out. C. P. 436, and amendments 1826, 1828 and 1839.

2. No authority is shown to institute this suit. C. P. 1015, 1016. 9 R. R. 113. 10 L. R. 84. 12 ibid 577.

3. The marriage being null, no necessity existed for calling a family meeting to be retained in the tutorship. C. C. 95, 115, 133, No. 3, ibid 12. 4 Toullier p. 223, sections 493, 495, 496, 516, 517. Story Conflict of Laws 2d edition, sec. 113. Note I, p. 108, under sec. 116. 2 Kent, p. 91, 92. C. P. 20. 2 L. R. 139, ibid 385. L. C. 115, 1885, 1886.

4. The tutrix does not forfeit her functions as such by failing to call the family meeting as provided by L. C. 172, C. P. 950, 951, if her first marriage be a nullity, and she has a right to use this as a defence without first instituting a direct action of nullity. C. P. Art. 20. 2d L. R. 139, 385. C. C. 95. 12 R. R. 472.

5. If her first marriage had been legal and she had forfeited her tutorship by failing to call the family meeting provided by Articles C. C. 172 and 250, 950, C. P., she still ha 1 the preference in the appointment by calling the family meeting, 3 R. R. 390, 4 Ann. 523, 5 Ann. 596, and complying with the other requisites of law. V. C. C. 288.

6. No appointment of a legal tutor to the minors can be made while the

63

father or mother be living, and they are willing to accept it.  3 R. R. 390 and cases cited.

7.  If the father or mother refuse to accept, the court must appoint with the consent of a family meeting a *dative tutor*, and in such case the grandfather has no preference.  C. C. 288, 281, 282, 283, 284.  4 Ann. 523.  3 R. R. 390.

8.  The court therefore erred in appointing the grandfather as tutor without the intervention of a family meeting.  This formality must be observed, or the appointment is a nullity.

9.  The natural tutrix cannot be deprived of her tutorship if she fails to take the oath.  The only cases where such forfeiture takes place, are unfaithfulness and notoriously bad conduct.  C. C. 326.  2 Ann. 751.  5 N. S. 29. 5 R. R. 488.  6 L. R. 354.

10.  The failure of the natural tutrix to take the oath only prevents her doing any act which can bind the minor.  It suspends, but does not operate a removal.  The distinction is manifest.  C. C. 328.  3 Ann. 562.  11 R. R. 503. C. P. 949.  She might at any time take the oath.

BUCHANAN, J.   This suit is instituted by an under tutor against the mother of certain minors, to have the maternal grandfather and nearest relation in the direct ascending line of the minors, appointed their tutor in the place of said mother, whom he declares to have forfeited the tutorship in two several ways. First—By neglecting to take the oath required by law.   Second—By marrying a second time, without being continued in the tutorship by the advice of a family meeting.

The defendant, aided by her second husband, comes into court, and defends her case upon the special ground, that she was not legally married to the father of her minor children, he being a man of color, and she being a white woman, which marriage was prohibited by the law of Louisiana, and produced no civil effect.

The District Judge decided that the minors were not parties to this proceeding, and that he would not consent to decide so grave and delicate a question as their status in this collateral way.   The facts of the petition he considered proved, and the law clear, which upon the state of facts deprives the mother of the guardianship of her children.

We coincide entirely in these conclusions of the Judge of the District Court.

An oath is required to be taken by every tutor of minors.  Civil Code, 328.

Again, the law requires, for the protection of minors against the undue influence of a stepfather, that previous to the celebration of another marriage by their mother, she shall cause a family meeting to be convoked, to deliberate upon continuing her in the tutorship, on pain of being deprived of the tutorship.

There is no proof that either of these important formalities were complied with in the present case.   Nay, more, the answer admits by implication that they have not been.

The special defence set up, of the invalidity of defendant's first marriage, presents the revolting spectacle of a mother attempting to deprive her children of their *status* or position in society.

We agree with the Judge of the District Court, that this is a question which cannot be enquired into in the absence of the parties principally interested.

But there is still another reason why this defence cannot be entertained. The Article 115 of the Civil Code, requires a direct action of impeachment on the part of a married person who desires to be released from a marriage affected with a nullity or illegality such as that charged by this defendant.

The defendant contracted that marriage in 1840.  She cohabited for many

years with her husband—had three children by him, who are now living. She never availed herself of the faculty given her by the Article 115, of impeaching her marriage, as long as her husband was living, supposing that her marriage was, as she alleges, illegal. It is now too late for her to institute such action, and she cannot be allowed to put it in the form of a defence to this proceeding.

Upon a matter of such great importance in a general point of view, we are diffident of saying anything not absolutely required for the decision of the case. We think it proper to observe, however, that the law of Mississippi, where defendant's first marriage was celebrated, does not seem to agree with that of Louisiana, on the subject of mixed marriages, as would appear from the testimony of lawyers in that State, taken under a commission. A bill of exceptions was taken to the depositions of the witnesses by whom this proof was made, on the technical ground of the want of an affidavit for a commission as required by Article 436 of the Code of Practice. The want of such an affidavit is cured by the propounding of cross interrogatories on the part of defendant. This point has been repeatedly decided. *Lee* v. *Lee*, 1st Ann. *Bradford* v. *Cooper*, 1st Ann. *Rife* v. *Hensan*, 2d La.

Judgment affirmed, with costs.

